# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Larry Green, <br><br> Plaintiff, <br><br> v. <br><br> Oklahoma Department of Human Services, *Sued as Department of Human Services Tahlequah and Wagoner County*, <br><br> Defendant. | Case No. 15-CIV-187-RAW |

## OPINION AND ORDER

Before the court are the Complaint in this matter [Docket No. 2] and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 3]. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 3] is granted. Plaintiff alleges that the defendant is pursuing collection of child support from him for "a child that I don't know is mine." Complaint, Page 2. Plaintiff additionally states that they have been taking his money for eight years. Complaint, Page 2.

Plaintiff's complaint[*] is a rambling list of accusations against the Defendant. Plaintiff's arguments involve a child support collection matter, and are similar to what the Tenth Circuit had rejected as the "hackneyed tax protester refrain." United States v. Chisum, 502 F.3d 1237, 1243 (10th Cir. 2007). Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir.

---

[*] The court construes Plaintiff's allegation liberally as he is pro se. See Haines v. Kerner, 404 U.S. 519 (1972).

1990).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> > **(i)** is frivolous or malicious;
> >
> > **(ii)** fails to state a claim on which relief may be granted; or
> >
> > **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264 (10th Cir. 1994).

## *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." Banks v. Vio Software, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" <u>Id</u>. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." <u>McKinney v. State of Oklahoma</u>, 925 F.2d 363, 364 (10th Cir. 1991).

### Conclusion

The court does not take lightly its decision in this matter. The allegations listed in the complaint, however, do not create a claim upon which this lawsuit can proceed.

The court finds that Plaintiff's action is frivolous, that Plaintiff fails to state a claim on which relief can be granted, and that Plaintiff seeks monetary relief against a Defendant who is immune from such relief. This matter is dismissed with prejudice.

Dated this 27th day of May, 2015.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**